JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-05234 PSG (BFMx) | Date | September 10, 2024 |
|---|---|---|---|
| Title | Gustavo Jr Leyva v. Old Dominion Freight Line, Inc., *et al*. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Derek Davis | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** **Order GRANTING Plaintiff's request to join Hector Paz [23] and GRANTING Plaintiff's motion to remand [13]**

Before the Court are Plaintiff Gustavo Jr. Leyva's ("Plaintiff") motion to remand, *Remand Motion*, Dkt. # 13 ("*Mot.*"), and request for joinder of Hector Paz ("Paz"), Dkt. # 23 ("*Request*"). Defendant Old Dominion Freight Line, Inc. ("Defendant") opposed the motion to remand, Dkt. # 17 ("*Opp.*"), and Plaintiff replied, Dkt. # 18 ("*Reply*"). Defendant filed a response to Plaintiff's joinder request. *See* Dkt. # 24 ("*Response*"). The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **GRANTS** Plaintiff's request to join Paz and **GRANTS** Plaintiff's motion to remand.

I. Background

On May 16, 2024, Plaintiff filed this action in Los Angeles County Superior Court ("Superior Court") against Defendant, Jonathan Doe, and Hector Doe, purporting to allege 12 causes of action. *See generally Notice of Removal*, Dkt. # 1, Ex. A ("*Compl.*"). Defendant is a Virginia Corporation doing business in Los Angeles County, while Jonathan Doe and Hector Doe are alleged residents of Los Angeles County. *Id.* ¶ 3–5. Jonathan Doe and Hector Doe, Plaintiff's fellow coworkers, allegedly subjected Plaintiff to harassment. *Id.* ¶ 26.

On June 21, 2024, Defendant filed its notice of removal asserting that this Court has original jurisdiction of the action based on diversity of citizenship. *See Notice of Removal*. On July 17, 2024, Plaintiff filed the motion to remand asserting that this action was improperly removed because (1) Defendant failed to show that there is no possibility that Plaintiff can state a cause of action against Jonathan Doe and Hector Doe, and (2) there is no complete diversity of citizenship. *See generally Mot.* On July 30, 2024, Plaintiff amended the complaint to substitute Hector Doe's name as Hector Paz. *See* Dkt. # 15 ("*Amendment*"). On August 16, 2024,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-05234 PSG (BFMx) | Date | September 10, 2024 |
|---|---|---|---|
| Title | Gustavo Jr Leyva v. Old Dominion Freight Line, Inc., *et al*. | | |

Defendant opposed on the bases (1) that complete diversity existed at the time of removal, (2) that Plaintiff's post-removal amendment does not impact the citizenship analysis, and (3) that joinder of Paz, a non-diverse defendant, is fraudulent and not warranted. *See generally Opp*. On August 30, 2024, the Court issued an order striking Plaintiff's amendment, *see* Dkt. # 20, and issued an order to show cause ("OSC") as to why the Court should join Paz, *see* Dkt. # 22.[1] On September 6, 2024, Plaintiff responded to the Court's OSC. *See generally Request*.

II. Legal Standard

    A. Removal

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). A federal court has subject matter jurisdiction based on diversity if (1) all plaintiffs and all defendants are citizens of different states, and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-*

---

[1] In opposition to Plaintiff's motion to remand, Defendant correctly asserted that Plaintiff improperly amended his complaint without obtaining leave and even briefed a joinder analysis arguing that leave to amend should be denied if properly requested. *See Opp.* 8:10–12:11. Plaintiff mistakenly believed—likely because the Court had yet to strike Plaintiff's amendment—that the only issue for this Court to decide was whether a California state court could possibly find that Plaintiff's complaint states a cause of action. *See Reply* 2:3–3:15. To avoid unnecessary delay, the Court issued the OSC ahead of this order to provide Plaintiff the opportunity to prepare a joinder analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-05234 PSG (BFMx) | Date | September 10, 2024 |
|---|---|---|---|
| Title | Gustavo Jr Leyva v. Old Dominion Freight Line, Inc., *et al*. | | |

*Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

"Whether remand is proper must be ascertained on the basis of the pleadings at the time of removal." *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1277 (9th Cir. 2017). Indeed, 28 U.S.C. § 1441 renders Doe defendants irrelevant for removal purposes unless and until a plaintiff seeks leave to substitute a named defendant in federal court. 28 U.S.C. § 1441; *see, e.g.*, *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."); *Garcia v. Walmart, Inc.*, No. 2:22-cv-00371-SVW (MRWx), 2022 WL 796197, at *2–3 (C.D. Cal. Mar. 16, 2022) ("Accordingly, only when Plaintiff 'seeks leave to substitute a named defendant' will the citizenship question become relevant" on a remand motion).

  B. <u>Amendment to Join a Defendant under 28 U.S.C. § 1447</u>

A court has discretion over whether to allow a plaintiff to amend a removed complaint in a manner that would destroy complete diversity. *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

In exercising this discretion, courts consider (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the claim against the new defendant would be barred by the statute of limitations if the court denied joinder; (3) whether joinder has been inexplicably delayed; (4) whether joinder is solely for the purpose of defeating federal jurisdiction, such as by eliminating complete diversity; (5) whether the claim against the party sought to be joined seems valid; and (6) whether denial of joinder will prejudice the plaintiff. *See Clinco*, 41 F. Supp. 2d at 1082; *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) (addressing prejudice to plaintiff).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-05234 PSG (BFMx) | Date | September 10, 2024 |
|---|---|---|---|
| Title | Gustavo Jr Leyva v. Old Dominion Freight Line, Inc., *et al*. | | |

III.   Discussion

Plaintiff argues that the Court should allow him to join Paz as a defendant in this case. *See generally Request*. And, because Paz, a California citizen, would destroy complete diversity of the parties, Plaintiff contends that the Court should remand this action to the Superior Court. *See generally Mot*. The Court **GRANTS** Plaintiff request to join Paz, and therefore **GRANTS** Plaintiff's motion to remand.

   A.   Joinder of Non-Diverse Defendant Hector Paz

The Court considers the six factors for allowing amendment under 28 U.S.C. § 1447(e) in turn.

      *i.   Necessary Party*

Rule 19(a) provides that joinder is required if, in the absence of the person, "the court cannot accord complete relief among the parties" or if that person "claims an interest relating to the subject of the action and is so situated" that proceeding without the person would "impair the person's ability to protect the interest," thus leaving that party susceptible to multiple, or inconsistent obligations. Fed. R. Civ. P. 19(a). "Although courts consider whether a party would meet [Rule] 19's standard for a necessary party, amendment under [Section] 1447(e) is a less restrictive standard than for joinder under [Rule] 19." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011–12 (N.D. Cal. 2000). This standard may be met when failure to join will lead to separate and redundant actions. *Id.* at 1011 (citing to *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 910 (9th Cir. 1991)). Courts have disallowed joinder of non-diverse defendants "where those defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.* at 1012.

Defendant is correct that Paz is not a required party under Rule 19(a) because his presence would deprive the Court of subject matter jurisdiction. *See* Fed. R. Civ. P. 19(a)(1). But denying joinder will lead to separate and redundant actions. *See Sagrero v. Bergen Shippers Corp.*, No. 2:22-cv-04535-SPG (RAOx), 2022 WL 4397527, at *3 (C.D. Cal. Sept. 23, 2022).

"Under FEHA, co-workers/employees are individually liable for their own harassing behavior." *Robles v. Agreserves, Inc.*, 158 F. Supp. 3d 952, 983 (E.D. Cal. 2016) (citing Cal. Gov. Code § 12940(j)(3)). Unlike a harassing supervisor, "[w]hen the harasser is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-05234 PSG (BFMx) | Date | September 10, 2024 |
|---|---|---|---|
| Title | Gustavo Jr Leyva v. Old Dominion Freight Line, Inc., *et al*. | | |

nonsupervisory employee, employer liability turns on a showing of negligence." *Bailey v. S.F. Dist. Attorney's Off.*, 552 P.3d 433, 449 (Cal. 2024) (internal quotation marks and citations omitted). Despite Defendant's contention that Plaintiff seeks the same relief against Paz and Defendant, *see Opp.* 10:3-7, it is entirely possible that Paz can be held personally liable while Defendant did not act negligently, and therefore complete relief is uncertain in Paz's absence. *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) (completeness is determined "as to those already parties" rather than as between a party and the absent person). Further, although Paz is only relevant to two out of twelve causes of actions, Paz is one of two primary employees that allegedly harassed Plaintiff and his personal liability is directly at issue. Because the standard under Section 1447(e) is met, this factor weighs in favor of amendment.

       *ii.*       *Statute of Limitations*

Although a state court action against Paz might be possible,[2] requiring Plaintiff to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results. *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012.

       *iii.*      *Timeliness in Seeking Joinder*

When determining whether to allow amendment to allow joinder of a non-diverse party, courts consider whether the amendment was timely. *Clinco*, 41 F. Supp. 2d at 1082. Further, under section 1447(e), a court has discretion to deny joinder of a party "whose identity was ascertainable and thus could have been named in the first complaint." *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1282 (C.D. Cal. 2015).

Plaintiff filed this action on May 16, 2024, *see Compl.*, and Defendant removed this action on June 21, 2024, *see Notice of Removal*. Plaintiff filed his motion for remand on July 17, 2024, *see Mot.*, and improperly amended his complaint on July 30, 2024, *see Amendment*. Although Plaintiff's initial amendment was procedurally improper, he explains that he promptly filed the amendment when he discovered Paz's name. *See Request* 5:4-7. Plaintiff did not unreasonably delay in seeking to join Paz. *See Krantz v. Bloomberg L.P.*, No. 2:21-cv-06275-ABR (AOx), 2022 WL 2101913, at *5 (C.D. Cal. Feb. 3, 2022) (finding motion to amend filed four months after matter was removed was not unreasonably delayed). This factor thus weighs in favor of permitting joinder.

---

[2] Both parties agree that Plaintiff is still within the statute of limitations. *See Request* 4:17–22; *Response* 1:19–21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-05234 PSG (BFMx) | Date | September 10, 2024 |
|---|---|---|---|
| Title | Gustavo Jr Leyva v. Old Dominion Freight Line, Inc., *et al.* | | |

    iv.  *Motive for Joinder*

  Defendant argues that Plaintiff seeks joinder only to destroy diversity. *See Opp.* 10:27–11:17; 12:12–15:14. There is a "general presumption against fraudulent joinder" and defendants, who assert that a party is fraudulently joined, carry a "heavy burden." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). Defendant must "show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). It is not enough to show that a plaintiff is unlikely to prevail on her claim; a defendant must show by clear and convincing evidence that there is no "*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (internal citations omitted) (emphasis in original); *Marin v. FCA US LLC*, No. 2:21-cv-04067-AB (PDx), 2021 WL 5232652, at *3 (C.D. Cal. Nov. 9, 2021) ("In determining whether a defendant was fraudulently joined, the Court need only make a summary assessment of whether there is any possibility that the plaintiff can state a claim against the defendant."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Id.* (quoting *Gonzalez v. J.S. Paluch Co.*, No. 2:12-cv-08696-DDP (FMOx), 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) (internal quotations omitted) (brackets in original)).

  The Ninth Circuit has instructed courts to "look with particular care" at the motive of a plaintiff in joining a non-diverse defendant. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). Nonetheless, "suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012. Courts should not "impute an improper motive to [a] [p]laintiff simply because [p]laintiff seeks to add a non-diverse defendant post-removal." *Id*.

  Here, Defendant has not met its heavy burden to defeat the general presumption against fraudulent joinder. As the court addresses below, *infra* Section III(A)(v), there is a possibility Plaintiff can establish a claim against Paz. Additionally, although it is strategically convenient for Plaintiff to assert now a claim against a non-diverse party following removal, this does not necessarily mean Plaintiff's motive is merely to destroy diversity. *See Akmal v. Walgreens Co.*, No. 1:20-cv-01015-DAD (SKOx), 2022 WL 358427, at *4 (E.D. Cal. Feb. 7, 2022) ("Although arguably raising some suspicion here, the court will not impute an improper motive simply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-05234 PSG (BFMx) | Date | September 10, 2024 |
|---|---|---|---|
| Title | Gustavo Jr Leyva v. Old Dominion Freight Line, Inc., *et al*. | | |

because plaintiff is now seeking leave to amend to add a non-diverse defendant."). Accordingly, this factor weighs in favor of amendment.

      *v.*      *Validity of Claim Against Paz*

"To state a facially viable claim for purposes of joinder under section 1447(e), a plaintiff need not allege a claim with particularity or even plausibility." *Dordoni v. FCA US LLC*, No. 5:20-cv-01475-JGB (SHKx), 2020 WL 6082132, at *5 (C.D. Cal. Oct. 15, 2020). "Instead, 'under section 1447(e), the Court need only determine whether the claim "seems" valid.'" *Id.* (citation omitted). This is "not the same as the standard in either a motion to dismiss or a motion for summary judgment." *Sabag v. FCA US, LLC*, No. 2:16-cv-06639-CAS (RAOx), 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016).

Defendant argues that Plaintiff's allegations about Paz are wholly insufficient and conclusory, and therefore Plaintiff's claims against Paz fail as a matter of law. *See Opp.* 12:23–15:14. Defendant contends that Plaintiff failed to meet the required FEHA threshold standard of severity or pervasiveness that alters the conditions of employment and creates a hostile or abusive work environment and is based upon a protected characteristic. *Id.* 13:7–10 (citing *Lyle v. Warner Bros. Television Prods.*, 38 Cal.4th 264, 295 (2006)). The Court disagrees.

Plaintiff has stated a facially viable claim for purposes of joinder under 28 U.S.C. § 1447(e). Plaintiff alleges that:

> Plaintiff was subject to harassment by his fellow co-workers, JONATHAN DOE and HECTOR DOE, as a result of his work place injury, disability, and medical treatment. Plaintiff would also be ridiculed due to his national origin, including being called "little bitch." Plaintiff was subject to name calling, derogatory comments and negative statements, regarding his workplace injury, birthplace and ethnicity. As a result, Plaintiff was put on two weeks of medical leave due to mental distress.

*Compl.* ¶ 26. As the California Supreme Court recently held, "an isolated act of harassment may be actionable if it is sufficiently severe in light of the totality of the circumstances." *Bailey*, 552 P.3d at 438. Plaintiff has alleged more than an isolated or single act of harassment, even though Plaintiff has only provided one specific example of such comments. Indeed, whether a workplace environment may be considered hostile or abusive "can be determined only by looking at all the circumstances [which] may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-05234 PSG (BFMx) | Date | September 10, 2024 |
|---|---|---|---|
| Title | Gustavo Jr Leyva v. Old Dominion Freight Line, Inc., *et al*. | | |

utterance; and whether it unreasonably interferes with an employee's work performance." *Miller v. Department of Corrections*, 36 Cal.4th 446, 462 (2005) (holding there was a triable issue of fact precluding summary judgment as to whether a hostile work environment existed). Defendant has not shown there is no possibility Plaintiff could recover against Paz under the FEHA based on the current pleading or an amended pleading. *See McCleney v. Wyndham Vacation Ownership, Inc.*, No. 2:22-cv-01927-FLA (SKx), 2023 WL 4745741, at *7 (C.D. Cal. July 25, 2023).

       vi.    *Prejudice to Plaintiff*

"In determining whether a plaintiff would suffer prejudice, courts have considered whether denial of leave to amend would require parallel in state and federal court proceedings or would lead the plaintiff to forgo claims against the non-diverse defendants." *Murphy*, 74 F. Supp. 3d at 1286 (finding no prejudice where none of plaintiff's claims against non-diverse defendant appeared valid). Additionally, "[w]here claims against parties sought to be joined in an action 'arise out of the same factual circumstances,' it is in the economic benefit of all parties and the judicial system to 'have the entire controversy adjudicated only once,' and to force the plaintiff to 'proceed with expensive litigation in state court against [the putative defendant] would create avoidable prejudice.'" *Sagrero*, 2022 WL 4397527, at *4 (quoting *Avellanet v. FCA US LLC*, No. 2:19-cv-07621-JFW (KSx), 2019 WL 5448199, at *4 (C.D. Cal. Oct. 24, 2019)).

If the court were to deny joinder, Plaintiff could file a parallel state court action against Paz. Given the factual overlap with two of Plaintiff's claims here, a second action would result in a waste of judicial resources. Again, this factor weighs in favor of amendment.

       vii.    *Conclusion on Leave to Amend*

While Plaintiff's improper amendment and subsequent request for joinder of Paz, was filed after Defendant's removal and Plaintiff's motion to remand, the factors identified above weigh in favor of amendment and permitting joinder. Accordingly, the court **GRANTS** Plaintiff's request to join Paz.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-05234 PSG (BFMx) | Date | September 10, 2024 |
|---|---|---|---|
| Title | Gustavo Jr Leyva v. Old Dominion Freight Line, Inc., *et al*. | | |

    B.    <u>Lack of Diversity Jurisdiction</u>

    In light of Plaintiff's joinder of Paz, the Court can now evaluate Paz's citizenship for purposes of diversity jurisdiction. *Soliman v. Philip Morris Inc.*, 36 Cal.4th 446, 971 (9th Cir. 2002). Because Paz is a California citizen and not a sham defendant, there is no longer complete diversity and therefore the Court no longer has jurisdiction over this action. 28 U.S.C. § 1332; *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Accordingly, the Court **GRANTS** Plaintiff's motion to remand.

IV.    <u>Conclusion</u>

    For the foregoing reasons, the Court **GRANTS** Plaintiff's request to join Paz and therefore **GRANTS** Plaintiff's motion to remand. This order closes the case.

    **IT IS SO ORDERED.**